CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, California 90004
Tel. 213-688-2001
Fax. 213-315-5035

Attorneys for Plaintiff CARIBBEAN QUEEN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARIBBEAN QUEEN, INC., a California Corporation;<br><br>        Plaintiff,<br><br>        vs.<br><br>KYUNG LEE d.b.a. EIEN APPAREL, an individual; DONG HUN KIM d.b.a. G1K, an individual; ASOPH, INC., a California corporation; EUN HEE KIM, an individual; POSHMARK, INC., a Delaware corporation; MANISH CHANDRA, an individual; LATINA'S STYLE OF ELEGANCE LLC, an Oregon limited liability company; VE'NICES FASHION HOUSE LLC, a New Jersey limited liability company; and DOES 1-20, inclusive,<br><br>        Defendants. | Case Number: 2:20-cv-9637<br><br>**COMPLAINT**<br><br>**<u>Jury Trial Demanded</u>** |

Plaintiff by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

Plaintiff creates, or purchases and obtains, exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments, and those textiles and garments are transacted primarily in the fashion industry.  Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs.

Customers of Plaintiff, including possibly DOE defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.  No other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.  This action is brought to recover damages for direct, vicarious and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive designs by the Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4. CARIBBEAN QUEEN, INC. ("Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in the County of Los Angeles, at 1128 S. Crocker St., Los Angeles, CA 90021.

5. Plaintiff is informed and believes and thereon alleges that Defendant KYUNG LEE doing business as EIEN APPAREL ("EIEN"), is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, CA and operating the EIEN APPAREL business at 810 E. Pico Blvd, Suite 20, Los Angeles, CA 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant KYUNG LEE as the principal has owned, managed, controlled and/or instructed EIEN and its business operations including infringement-related activities.

7. Plaintiff is informed and believes and thereon alleges that Defendant DONG HUN KIM ("DONG KIM") doing business as G1k ("G1K") at 110 E. 9th Street, #A1110, Los Angeles, CA 90079, is, and at all times herein mentioned was, an individual who as the principal has owned, managed, controlled and/or instructed G1K and its business operations including infringement-related activities.

8. Plaintiff is informed and believes and thereon alleges that Defendant ASOPH, INC. ("ASOPH"), is, and at all times herein mentioned was, a California corporation located at 3311 E. Slauson Avenue, Vernon, CA 90058.

9. Plaintiff is informed and believes and thereon alleges that Defendant EUN HEE KIM ("EUN KIM"), is, and at all times herein mentioned was, an individual

who as the principal has owned, managed, controlled and/or instructed ASOPH regarding ASOPH business operations including infringement-related activities.

10. Plaintiff is informed and believes and thereon alleges that Defendant POSHMARK, INC. ("POSHMARK"), is, and at all times herein mentioned was, a Delaware corporation registered with the Secretary of the State of California as a foreign corporation with its office at 203 Redwood Shores Parkway 8th Floor, Redwood City, CA 94065.

11. Plaintiff is informed and believes and thereon alleges that Defendant MANISH CHANDRA ("CHANDRA"), is, and at all times herein mentioned was, an individual residing in the County of Los Angeles, who as the principal has owned, managed, controlled and/or instructed POSHMARK and its business operations including infringement-related activities.

12. Plaintiff is informed and believes and thereon alleges that Defendant LATINA'S STYLE OF ELEGANCE LLC ("LSOE"), is, and at all times herein mentioned was, an Oregon limited liability company located at 3102 NE 103rd Place, Apt. 2, Portland OR 97220.

13. Plaintiff is informed and believes and thereon alleges that Defendant VE'NICES FASHION HOUSE LLC ("VFH"), is, and at all times herein mentioned was, a New Jersey limited liability company located at 400 High Street, Burlington NJ 08016.

14. Named Defendants, and Does 1-20, may be collectively referred to as "Defendants."

15. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 6, inclusive, are manufacturers, exporters, distributors, or their officers that provided to EIEN the fabrics or the garments accused for infringing upon Plaintiff's copyrights over the Subject Design as discussed hereinbelow.

16. Defendants DOES 7 through 20, inclusive, are other parties such as EIEN's

customers such as wholesalers and retailers, or their officers that either directly participated in infringing activities, or indirectly participated in, contributed to, controlled over, or instructed regarding, the infringing activities discussed hereinbelow.

17. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as DOES 1 through 20 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

18. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently rarified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

## CLAIMS RELATED TO DESIGN

19. Plaintiff is the owner of a two-dimensional artwork called C141022MG. ("Subject Design"). (Exhibit 1).

20. Plaintiff applied for a copyright from the United States Copyright Office for the Subject Design and was granted Registration VAu001335208 effective on October 1, 2018. (Exhibit 2).

21. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of the fabrics or garments bearing the Subject Design.

22. Plaintiff is informed and believes and thereon alleges that Defendants, each of them, had access to the Subject Designs, including without limitation, through: (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's samples; and/or (d) access to garments in the marketplace, online or offline, manufactured and distributed with lawfully printed fabrics or garments bearing the Subject Designs.

23. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant EIEN requested, ordered, caused the production of, purchased, and/or imported the garments ("Accused Garments") made out of the fabrics ("Accused Fabrics") bearing the print design shown on Exhibits 3 through 9 (the Accused Fabrics and the Accused Garments collectively, "Accused Products") that is similar and/or identical with the Subject Design, by exercising controls over, giving instructions to, and/or acting in concert with, DOES 1 – 6 as its vendor or their officers, as to the details of the production procedure, especially determining what print design to be put on the fabric and the garment when reviewing samples, requesting certain samples or making orders, with specifications.

24. After purchasing the Accused Products, EIEN displayed marketed, advertised and sampled, online and offline, in the market, and sold or distributed to its customers including without limitation to other named Defendants and DOES

hereinabove, the Accused Garments pictures of which are attached hereto as Exhibits 3 through 9.

25. EIEN's customers and their officers including DOES 7 – 20 displayed, marketed, advertised and sampled, online and offline, in the market, and sold or distributed, the Accused Garments to its customers that are either garment retailers or individual end-user customers.

26. The said customers and officers exercised controls over, giving instructions to, and/or acting in concert with, EIEN and DOES 1 - 6, as to the details of the production procedure, especially determining what print design to be put on the fabric and the garment when reviewing samples, requesting certain samples or making orders, with specifications.

27. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

28. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained herein.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or

selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

31. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

32. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants)

35. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained herein.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or sales of product featuring the Subject Design as alleged herein above.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they

COMPLAINT

had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

38. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

39. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement– Against All Defendants)

41. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained herein.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design as alleged herein above.

43. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

44. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

45. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

## **Against All Defendants**

With respect to Each Claim for Relief:

1.  That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;

2.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

3.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

4.  That Plaintiff be awarded pre-judgment interest as allowed by law;

5.  That Plaintiff be awarded costs of litigation; and

6.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: October 21, 2020             Respectfully submitted,

                                    */s/Chan Yong Jeong*
                                    Chan Yong Jeong, Esq.
                                    Attorneys for Plaintiff

COMPLAINT